HOY v. HUBBELL.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. DEEDS—REQUISITES—NECESSITY FOR DELIVERY.
    Title to property by deed passes only on delivery of the deed.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, § 116.]

2. ESTOPPEL—EQUITABLE ESTOPPEL—PERSONS ESTOPPED—SUCCESSORS IN TITLE.
    Where the owner of property on a street is estopped to dispute the validity of the proceedings to lay out the street, his successors in title are also estopped.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, §§ 69–71, 290.]

3. CONSTITUTIONAL LAW—ENFORCEMENT OF PROVISIONS—WAIVER OF RIGHT.
    A constitutional right may be waived in a civil action or proceeding.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Constitutional Law, § 41.]

4. HIGHWAYS—ESTABLISHMENT—COLLATERAL ATTACK.
    A property owner who signs a petition to have a street laid out in front of his premises is not thereby estopped, as owner of that property or of property subsequently acquired, to question the legality of the proceeding.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 174.]

5. ESTOPPEL—BY DEED—DESCRIPTION OF PROPERTY.
    The description of property in a deed which refers to a street on which the property is located does not estop the grantee from disputing the validity of the proceedings by which the street was laid out, the description being the same as that used in that part of the chain of title prior to the proceedings by which the street was laid out, and the deed expressly providing that the property conveyed was the property conveyed to the grantor at a time prior to such proceedings.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, § 31.]
    McLennan, P. J., dissenting.

Appeal from Trial Term, Cattaraugus County.

Action for trespass by Dora Hoy against Dewit Hubbell. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank H. Callan, for appellant.
Thomas L. Newton, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was for trespass upon real property, to recover damages, and restrain further interference with the property. The defendant was street commissioner of the village of Salamanca. The property in question was within the limits of Church street in that village, as such street was laid out by the trustees. There were obstructions upon the property which the street commissioner removed, and this interference with the property constituted the trespass for which the action was brought.

The plaintiff claimed that the proceedings for laying out the street were void as to the property in question, by reason of irregularities

and defects in such proceedings and the unconstitutionality of the law under which the same was taken. The court held the plaintiff estopped from alleging such irregularities and defects and unconstitutionality for two reasons: (1) By reason of the connection of Johns, plaintiff's predecessor in title to the property, with the proceedings for laying out the street. (2) By reason of the deed to Johns, and the description therein, recognizing the laying out of the street as valid. There were other questions urged upon the trial court, but the decision was put squarely upon the grounds above stated, and, if the court was in error in this respect, we think the other questions should be first passed upon by the trial court before we are called upon to review them.

These street opening proceedings were had in May and June, 1886. The property in question was owned when these proceedings were commenced by one Brock. Johns owned an interest in other property on the street, and May 13, 1886, he signed the application for laying out the street, consented to it, and released all claims for damages on account thereof. Pursuant to the application which was signed by Johns with others, notice was given of a hearing June 15, 1886, before the trustees. Brock, owner of the property in question, had no notice of this hearing. He lived away—in Buffalo. The trustees passed the resolution on June 15, 1886, laying out the street. Soon after the passage of the resolution, Johns took a deed from Brock of the property in question. It was dated June 16, 1886, and was acknowledged the same day, but it was not actually delivered until July 6, 1886, and was recorded July 14, 1886. One of the courses in the deed was along the center of Church street. June 29, 1886, a jury was called to assess damages on the property taken for the street, and Brock had notice of this proceeding to assess damages. An award was made the same day; Brock being awarded nothing. Johns held the property deeded to him by Brock until his (Johns') death, about the year of 1892. He left plaintiff and Charles Johns his only heirs at law, and in 1898 or 1899 Charles deeded to plaintiff his interest, and since then the plaintiff has been the sole owner of the property. From 1881 or 1882, until the trespass here alleged was committed, the part of the property here in question constituted a basement entrance and areaway, and a means of furnishing light and access to the basement of the brick building adjoining, and remained in substantially the same position and of the same shape and dimensions. It was 32 feet long, 3 feet 3 inches wide, and 6 or 7 feet deep, and was inclosed by retaining walls of masonry on which was a railing. The defendant with his men tore down the retaining wall and railing thereon June 28, 1904, filled up the areaway, and built a sidewalk over the space occupied thereby. This was the trespass complained of. The proceedings for laying out the street were clearly defective and void as to Brock, who was the owner of the property in question at the time. There was no evidence that Johns had acquired any interest in this property when the street was laid out, or that he had any negotiations for the purchase thereof until after this resolution laying out the street was passed. The deed to him was dated the day after, but was not delivered until

nearly a month after. The title passed only on delivery of the deed. His application, consent, and release were made when he owned an interest in another small piece of land on the street. When he acquired title to the property in question, the order laying out the street was void as to Brock. The property was not bound by it. All his interest in the property passed to Johns, who took it unaffected by the void order, and he could resist the opening of the street and the taking of the part covered by the areaway, unless he was estopped from objecting thereto by reason of his acts prior to his acquiring title to the property. The estoppel is claimed as a personal one, and not one relating to any particular piece of property. Johns desired the street to be laid out as it was done, asked for it, consented to it, and released all damages arising therefrom. He knew the order was made. He purchased this property, and held it until his death, six years thereafter, without making any objection to the regularity or validity of proceeding or the order. It is said he thereby waived all right to the object to the street as properly and legally laid out, not only as to the property he owned at the time, but such as he acquired soon thereafter; that the waiver was a personal not a property one. This was the ground upon which the decision of the trial court was based. Waiver or estoppel; and Johns being estopped, the plaintiff, his successor in title, is bound by the same rule, and therefore cannot maintain this action. There is no doubt that a constitutional right may be waived in a civil action or proceeding. Conde v. City of Schenectady, 164 N. Y. 258–263, 58 N. E. 130, and cases therein referred to.

The difficulty in sustaining the decision of the trial court seems to be that there is no adequate evidence of such a waiver, or of an estoppel. While Brock did petition to have the street laid out, consented to it, and waived his damages, yet he did this with reference to the property he then owned merely, and even as to that the rule is that he had a right to assume that the street would be legally laid out, so as to bind all the property on the street, and he could take advantage of any jurisdictional defects in the proceedings at any time. In re Sharp, 56 N. Y. 257, 15 Am. Rep. 415, and the cases therein referred to. In that case a petition had been presented to the board, signed by owners of property fronting on the street, for repaving, but it was not signed by a majority of such owners as required by statute, and it was held that a signer of such petition was not estopped thereby from questioning the authority of the board to do the work, and make the assessment therefor; that he had a right to rely upon a performance of duty by the board which required it, before basing any action on the petition, to ascertain whether a sufficient number of property owners had signed it to confer jurisdiction. Among other things, the court there said:

"A party is estopped only when, by his declarations or conduct, he has induced another to act upon the supposed existence of a fact, and would be in consequence injured by showing its nonexistence. There is no such element in this case. The consequence of the doctrine contended for would be to make the assessment valid upon such owners as had signed the petition, while invalid as to all others; leaving the former not only to pay their just proportion of the expense, but to contribute as taxpayers to the payment of the portions which should have been imposed upon those who had not signed.

The principle contended for, if generally applied, would involve most mischievous consequences. One signing a petition to the commissioners of highways to lay out a road would be estopped from showing that the proceedings based thereon were not legal, and hence the road might be adjudged a legal highway as to him, while it was not as to the public generally. The cases calling for its application, it is readily seen, would be quite numerous, and the consequences would create much confusion and hardship."

There is no force in the claim that by the deed from Brock to Johns the street as laid out was recognized and approved of. The entire description in that deed is an exact copy of the description contained in the deed from Olshoffsky to Brock in 1882, and in the lease from the Indians to Olshoffsky in 1880. And it is expressly provided at the end of the description in the deed from Brock to Johns that it is intended to convey the same premises that had in 1882 been conveyed by Olshoffsky to Brock.

We think the decision and judgment of the trial court should not be sustained.

Judgment reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur, except McLENNAN, P. J., who dissents.