CITY OF NEW YORK, Respondent, *v.* GERALD D. NELSON et al., as Successor Trustees under the Will of WILLIAM NELSON, Deceased, et al., Appellants.

Argued March 3, 1955; decided July 8, 1955.

*William P. Jones* and *Watson Washburn* for appellants. I. The court without limitation of time has inherent power to relieve from default judgments in deserving cases. (*Ladd* v. *Stevenson,* 112 N. Y. 325; *White* v. *Sebring,* 133 Misc. 784; *Knowles* v. *Lichtenstein,* 33 App. Div. 605; *Baldwin* v. *Yellow Taxi Corp.,* 221 App. Div. 717.) II. A default judgment suffered in a foreclosure in rem action is no more conclusive than a

default taken in any other action. (*City of Peekskill* v. *Perry*, 272 App. Div. 940; *People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51; *Matter of Harbeck*, 161 N. Y. 211; *American Locker Co.* v. *City of New York*, 283 App. Div. 924; *Miller* v. *Nut Margarine Co.*, 284 U. S. 498; *Shell Development Co.* v. *Universal Oil Products Co.*, 157 F. 2d 421; *City of New York* v. *Lynch*, 306 N. Y. 809.) III. Even if title D of chapter 17–6.0 of the Administrative Code could properly be interpreted to contain a statute of limitations, the city should be estopped to assert it or to assert defendants' default to which the city wrongfully contributed. (*City of New York* v. *Idlewild Beach Co.*, 182 Misc. 205.) IV. The city failed to comply with title D of chapter 17 of the Administrative Code. V. The use of the in rem statute in this particular case was unconstitutional. (*City of New York* v. *Feit*, 200 Misc. 998; *City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 182 Misc. 176, 268 App. Div. 182, 294 N. Y. 678, 326 U. S. 720; *Realty Revenue Corp.* v. *Wilson*, 181 Misc. 802; *Matter of Bergerman* v. *Murphy*, 199 Misc. 1008, 278 App. Div. 388, 303 N. Y. 762; *Matter of Zorach* v. *Clauson*, 303 N. Y. 161; *Snowden* v. *Hughes*, 321 U. S. 1; *Yick Wo* v. *Hopkins*, 118 U. S. 356.)

*Peter Campbell Brown, Corporation Counsel* (*Meyer Scheps, Harry E. O'Donnell, Benjamin Offner* and *Joseph Brandwen* of counsel), for respondent. I. Once there has been compliance by the city with the jurisdictional requirements of title D of chapter 17 of the Administrative Code, the court is without authority to permit defaults in redemption or pleading to be opened. (*City of Peekskill* v. *Perry*, 272 App. Div. 940; *City of New York* v. *Jackson-140 Realty Corp.*, 279 App. Div. 668; *Matter of City of New York* [*Levy*], 278 App. Div. 1008; *Matter of City of New York* [*Flushop Realty Corp.*], 278 App. Div. 1008; *Keely* v. *Sanders*, 99 U. S., 441; *Levy* v. *Newman*, 130 N. Y. 11; *People ex rel. Quaranto* v. *Moynahan*, 148 App. Div. 744, 205 N. Y. 590; *McCoun* v. *Pierpont*, 232 N. Y. 66; *Cameron Estates* v. *Deering*, 308 N. Y. 24.) II. The list of delinquent taxes was filed by the treasurer in compliance with title D of chapter 17 of the Administrative Code. The statute does not contain any prohibition against the filing of a composite list, nor is there any requirement that the treasurer file a separate list and bring a separate action

for each section. (*City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182, 294 N. Y. 678, 326 U. S. 720; *Blum* v. *Nassau Purchasing & Bldg. Corp.*, 256 N. Y. 232; *McCoun* v. *Pierpont*, 232 N. Y. 66; *City of New York* v. *Appleby*, 219 N. Y. 76; *Downes* v. *Wenninger*, 207 N. Y. 286; *People ex rel. Andrews* v. *McGuire*, 126 N. Y. 419; *People* v. *Dedrick*, 184 App. Div. 915, 227 N. Y. 608; *People ex rel. National Park Bank* v. *Metz*, 141 App. Div. 600; *Marsh* v. *Ne-ha-se-ne Park Assn.*, 25 App. Div. 34; *County of Nassau* v. *Lincer*, 254 App. Div. 760.) III. When the treasurer selected section 12 in the borough of Brooklyn and section 1 in the borough of Queens for foreclosure by action in rem, it was mandatory under the statute that he include in such foreclosure actions the properties here involved. The in rem foreclosure statute does not give the treasurer power to distinguish between improved and vacant properties. (*Matter of Hardecker* v. *Board of Educ. of City of N. Y.*, 180 Misc. 1008, 266 App. Div. 980, 292 N. Y. 584; *Matter of Rutherford Estates* [*Dorman Products*], 277 App. Div. 1, 301 N. Y. 767.)

*Per Curiam.* The order appealed from should be affirmed, without costs.

This is indeed a hard case. Defendants acquired title to the Powell Street property in 1934 and to the 45th Avenue property in 1938, and paid the real estate taxes due thereon. For the nonpayment of water charges, the city acquired title to these properties in an in rem tax foreclosure sale under title D of chapter 17 of the Administrative Code of the City of New York, as follows:

| *Property* | *Water Arrears* | *Assessed Value* |
|---|---|---|
| 45th Avenue 4-story brick and stone rooming house | $72.50 | Assessed by the City at $6,000 and resold by it for $7,000, retaining the entire proceeds. |
| Powell Street 4-story apartment house with 28 apartments | $814.50 | Assessed by the City at $46,000; with a gross annual rent income of $9,275. |

Thus, for total arrears of $887, the city acquired properties assessed at $52,000, one of which parcels was resold in excess of its assessed valuation.

The nonpayment of the water charges was due to the default of a trusted bookkeeper, and was discovered when he attempted suicide. The city continued to bill the estate of which plaintiffs are trustees for the real estate taxes on the 45th Avenue property for two years after it had acquired title.

Unfortunately, the power to afford relief here is not confided to the courts. The result suggests the need of legislation liberalizing the right of redemption, or giving to city officials the power to ameliorate such extreme hardships in appropriate cases.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur; BURKE, J., taking no part.

Order affirmed.