James W. Bailey, J.
Application by defendant Ruby R. Dixon for leave to open her default in pleading and for permission to interpose an answer.
Plaintiff acquired title to the premises as the result of an in rem foreclosure in the year 1951. The premises were thereafter dedicated for park purposes. In March of 1956 by legislative enactment plaintiff was authorized to discontinue the use as a park of a portion of the premises to enable plaintiff to convey such portion to the State of New York for a State armory. The State of New York refused to sanction the in rem title of the village whereupon this action was maintained pursuant to article 15 of the Real Property Law. The complaint herein purported to afford a right of redemption. Defendant claims to be the sole heir of the former owner and seeks to interpose an answer accepting the proffered right of redemption.
The question for consideration is whether defendant has shown a meritorious defense sufficient to enable her to open thfe default and interpose an answer.
The rule is fundamental that once the prescribed time for redemption has expired the rights of the parties become fixed and unalterable and the court is powerless to extend the time to answer or redeem or to open the default. (See City of New York v. Nelson, 309 N. Y. 94; City of New York v. Jackson-140 Realty Corp., 279 App. Div. 668; City of Peekskill v. Perry, 272 App. Div. 940.) There is no question that the right to redeem pursuant to the in rem foreclosure has long since expired and the court is without power to extend this right of redemption.
The question remains whether by maintaining the present action and purporting to afford a new right to redeem plaintiff bestowed rights upon this defendant sufficient to justify court intervention.
*1026 The right to redeem forms no part of an action pursuant to article 15 of the Beal Property Law. (See Real Property Law, § 502; Connolly v. Denton, 184 Misc. 761.) Such an action is essentially an action for a declaratory judgment to determine legal title wherein a defendant must establish his own good title to the property in order to prevail. (Knocklong Corp. v. Long Is. State Park Comm., 284 App. Div. 973; George v. People, 267 App. Div. 575.) Defendant does not here claim legal title or challenge the in rem foreclosure and the consequent title of plaintiff. She merely seeks the right to redeem based upon the allegation in the complaint purporting to extend such right.
Defendant’s contention that plaintiff is estopped to deny the right to redeem may not be sustained. The case of Selzer v. Baker (295 N. Y. 145) does not sanction the use of estoppel to recreate rights which have come to rest. Nor should estoppel be used to unravel a title which has become absolute. As stated by the court in Morrill Realty Corp. v. Rayon Holding Corp. (254 N. Y. 268, 275): “ an estoppel does not originate a legal right; it merely forbids the denial of a right claimed otherwise to have arisen.”
Defendant fails to show a meritorious defense for additional reasons. It is alleged under oath by the corporation counsel that the property in question was dedicated to park purposes. If so, the property has been placed beyond the power of the municipality to reconvey. (Williams v. Gallatin, 229 N. Y. 248; Brooklyn Park Comrs. v. Armstrong, 45 N. Y. 234; Matter of Cent. Parkway, 140 Misc. 727.) Estoppel may not be invoked to compel performance of an act which is beyond the power of the plaintiff to perform. The fact that the property was beyond the power of the municipality to reconvey rendered the offer to redeem embodied in the complaint completely invalid. No action by the Mayor nor even by the Board of Trustees could have authorized such offer.
The defendant has therefore failed to show that she has a meritorious defense to this action and her motion must therefore be denied.