G-. Robert Wither, J.
In this action the plaintiff, City of Rochester, seeks to have a certain deed declared void and set aside and cancelled. The deed, dated August 2,1966 was executed by Isobel Powers, as Treasurer of the plaintiff, acting as statutory referee pursuant to a judgment of foreclosure and sale entered May 3, 1966 in Monroe County Clerk’s office in a statutory in rem tax foreclosure proceeding for the sale of two parcels of real estate; and defendant, as the highest bidder at the sale, was named grantee in said deed. Defendant paid the bid price of $2,000 for the deed. Plaintiff contends that the properties belonged to it by virtue of a deed including them made and delivered by Henry S. Durand to the plaintiff and recorded in Monroe County Clerk’s office on February 4, 1908 in Liber 768 of deeds at page 257; and that the same were held by the plaintiff, pursuant to the deed of conveyance, for use as part of a public park (see Ex. 47, Resolution of City Council accepting conveyance for use as a public park; and Ex. 48, L. 1913, ch. 659, authorizing plaintiff to annex said lands), and as such were exempt from taxation under section 406 of the Real Property Tax Law. It further contends that through error in its Map and Assessment Department the two parcels in question were placed upon the plaintiff’s tax assessment rolls for the years 1954 through 1966 as belonging to one Adam Wiesner; that in fact neither said Wiesner nor anyone except the plaintiff had any interest in said lands; that, therefore, there were no taxes due on such lands, and hence the plaintiff could not validly initiate a tax foreclosure action against them, and that the judgment was void because it was founded on a nonexisting alleged fact, to wit, nonpayment of taxes. The plaintiff asserts that such defect deprived the court of jurisdiction to enter the judgment; and that since the deed to defendant was executed by the statutory referee pursuant to the judgment and was not authorized by resolution of the City Council, it is void.
The defendant contends that said lands are not part of plaintiff’s park lands; that even if they are, plaintiff knew or should *706 have known it, and is estopped to deny the validity of its deed to defendant; that plaintiff’s remedy, if it wishes to reacquire the lands, is by way of condemnation; and that upon the foreclosure sale plaintiff agreed to furnish title insurance to the defendant, and that defendant is entitled to have such agreement specifically enforced, or, in lieu thereof if the deed is declared void, to have damages assessed against plaintiff in defendant’s favor.
Plaintiff brings this action pursuant to section 20 (subd. 34) of the General City Law and article IX of the Charter of the City of Rochester. The action is predicated upon the asserted fact that the plaintiff owned the parcels in question at all times pertinent herein, and that, therefore, the tax assessments were void and hence the court was without jurisdiction over these parcels in the in rem foreclosure action, and thus the deed thereof made in pursuance of the judgment in that action is void. If the plaintiff in fact owned said parcels at the times they were so assessed, the plaintiff is correct, and the deed is void and must be set aside and cancelled. (Cameron Estates v. Deering, 308 N. Y. 24; Matter of Harris v. Seaman, 9 A D 2d 917; Shorter v. County of Chenango, 269 App. Div. 594.) Moreover, if indeed the parcels were owned by the plaintiff, they could be conveyed away only upon authorization granted by vote of the City Council, which was not obtained with respect to the deed in question. (Charter of City of Rochester, art. V, § 5-28.) Furthermore, assuming that the properties are part of the conveyance received by the city from Durand for park purposes, even the City Council could not convey them away without the approval of the State Legislature, which was not obtained. (Brooklyn Park Comrs. v. Armstrong, 45 N. Y. 234; Village of Ossining v. Lakin, 5 Misc 2d 1024; Aldrich v. City of New York, 208 Misc. 930, affd. 2 A D 2d 760; Matter of Central Parkway, 140 Misc. 727; General City Law, § 20, subds. 2, 7; 19 Op. St. Comp., 1963, No. 865, p. 438; 12 Op. St. Comp., 1956, No. 8219, p. 285.)
Likewise, defendant’s contention that the City is estopped by its conduct to deny the validity of the deed must fail, because the strict rules protecting public park lands of municipalities from improper conveyance or encroachment may not be circumvented by the mistaken or irregular conduct of the municipal employees. (City of Mt. Vernon v. New York, N. H. & H. R. R. Co., 232 N. Y. 309; Burbank v. Fay, 65 N. Y. 57; People v. Baldwin, 197 App. Div. 285, 291, affd. 233 N. Y. 672; Walsh’s, Inc. v. County of Oswego, 9 A D 2d 393; Hinkley v. State of *707 New York, 202 App. Div. 570; City of Geneva v. Cayuga Oil Co., 135 Misc. 673.)
Thus, if the properties in question are part of the lands conveyed to the city for park purposes by Henry S. Durand in 1908 as claimed by the city, the deed to the defendant is void and must be set aside and cancelled. It principally remains, therefore, to consider the evidence concerning the various early conveyances in the area and determine whether the parcels in question were in fact conveyed to the plaintiff by Henry S. Durand in 1908; for if they were not, and to the extent that they were not, plaintiff must fail in this action.
The two parcels of land described in the foreclosure deed in question which was delivered to the defendant are bounded on the north by Lake Ontario and on the south by the Rome, Watertown & Ogdensburg Railroad Company lands, and are situated in what is sometimes known as the Lake Tract, in subdivision lots 2 and 3 in Elisha Johnson’s subdivision of the northeast part of Township 14, in the 7th range of townships, west of Irondequoit Bay. They are described in said deed by reference to the plaintiff’s tax assessment map, exhibit 18 in evidence, as parcel No. 217110, being 20> feet in width and 50 to 100 feet in depth, varying from time to time with the height of the lake water, and parcel No. 217111, said to be approximately 1,143 feet in width and of varying depth, generally less than the depth of parcel No. 217110. Parcel 217111 is bounded on the east by parcel 217103, which, as we shall observe later, is the westerly portion of 122.5 feet of land lying between parcel 217111 and parcel 217110.
The city contends that it received title to these two parcels, along with several hundred acres of land adjoining them, by deed from Henry S. Durand dated January 1,1908 and recorded in Monroe County Clerk’s office in liber 768 of Deeds at page 257. Upon the trial of this action the parties did not present clear and simple starting points for the lands involved; and it has been necessary to determine the locations by devious references and measurements.
['Summary of evidence omitted.]
It is held that the plaintiff has established that parcel 217111 is 700 feet wide along the north line of the railroad from parcel 217103 (west portion of Van Doom, Vogt et al. lot) on the east, extending westerly, and that it owns all of it as well as all of parcel 217110 (the 20-foot right-of-way) as part of the Durand conveyance for park purposes. The conveyance of those lands to the defendant under the in rem foreclosure judgment and sale was, therefore, void, and the plaintiff is *708 entitled to judgment modifying the deed to exclude those lands therefrom, and setting aside and canceling the conveyance thereof to defendant. The plaintiff having failed to prove that it owns any particular area west of said 700 feet in parcel 217111, its demand to have any other part of said deed set aside is denied and the complaint is dismissed with respect thereto; and as against the plaintiff, the said foreclosure deed to the defendant of lands west of said 700 feet of parcel 217111 is declared valid.
We shall now consider defendant’s counterclaim for breach of contract by the plaintiff to furnish title insurance. The evidence establishes that although the terms of the foreclosure sale provided that the plaintiff would supply title insurance, before the sale plaintiff’s attorney announced that purchasers must pay for their own title insurance; and to make sure that the purchasers understood this change in the terms of sale the plaintiff’s attorney had each purchaser at the sale sign an agreement to pay for his own title insurance; and defendant signed such agreement on this sale. (Ex. 49.) Thus, defendant’s counterclaim for specific performance of the alleged contract by the plaintiff to furnish title insurance is dismissed, as is also defendant’s demand for damages for plaintiff’s breach of the alleged contract to furnish such insurance.
This is an equitable action, and the court is charged by equitable principles to do justice between the parties so far as possible. The major part of the lands which were purportedly conveyed to the defendant by the foreclosure deed have been found herein to be part of the plaintiff’s park lands, and hence not capable of conveyance by such deed for which the defendant has paid to the plaintiff the sum of $2,000. Since the plaintiff has not been able to prove that any land belongs to it west of the 700 feet herein found to comprise parcel 217111, or is included in said parcel, and the plaintiff only purported to deed to defendant parcels 217110 and 217111, plaintiff has presented no evidence that defendant received any identifiable land on the sale and by the deed. That is to say, that, although the court is not declaring the deed to defendant void as to any possible lands west of the 700 feet, which herein is found to comprise parcel 217111, there is no evidence before this court that the defendant has received anything of value in said deed west of the 700-foot, strip.
It is, therefore, held that the defendant is entitled to the return of his purchase price of $2,000, plus interest thereon from the date of payment. In addition thereto, the defendant has *709 been put to the expense of purchasing some abstracts of title and of hiring legal services for examining titles and defending this action. From the court’s observation of the course of this action, it is concluded that because of the plaintiff’s acts in initiating the in rem foreclosure sale of these lands and selling them to the defendant, the defendant should be reimbursed for his expenses incurred through June 30, 1967. These expenses may be established by affidavit submitted at the time of the settlement of the judgment to be entered hereon. If at such time either party desires a hearing with respect to such expenses, the same shall be held.
On or before June 30, 1967, after the defendant had ample time to learn the available facts concerning these properties, the plaintiff made a bona fide effort to settle with the defendant, without success. The defendant, as he had the right to do, decided to have the court determine the rights of the parties herein. Under these circumstances, I conclude that any expense for attorney’s fees and disbursements incurred by the defendant since June 30, 1967 must be borne by him, on his gamble to defeat the plaintiff completely in this action. Except as above provided, no costs or disbursements are allowed to either party.