Bergan, J.
Petitioner, as the owner of real property at 2120 Seventh Avenue, Manhattan, had requested the Board of Estimate to convey and release the city’s title and interest in the property which it had acquired in an in rem action to foreclose tax liens (Administrative Code of City of New York, § D17-25.0).
The board, on hearing objections by the president of the Parents Association of Public School 154, which is located near the premises, and noting on its record the opposition of a Community Planning Board in the Borough President’s office and of the Borough President, denied the application.
The objections were based on the use made of the premises as a bar and grill and purported conditions permitted there adverse to school children.
The court at Special Term dismissed the present proceeding in the nature of mandamus to compel the board to grant and release the city’s title to the petitioner. The Appellate Division, reversing, allowed the relief sought in the petition.
The amendment to the Administrative Code of the City of New York (§ D17-25.0) enacted in 1956 following the decision in City of New York v. Nelson (309 N. Y. 94) gives the Board of Estimate a discretionary power, which previously it did not have, to grant a release or reconveyance of property acquired by the city through in rem foreclosure of a tax lien.
The statutory condition is that this power shall not be exercised where the property has been assigned to any agency of the city. This does not mean, conversely, that whenever assignment to a city agency has not been made an application for redemption must be granted. It means, rather, that only where there has been no assignment the board has a discretion.
*565 The power to grant a release or reconveyance (“ The board of estimate in its discretion, may grant ”) is, then, one resting in the judgment and conscience of the board. It allows flexibility in the relief of hardship cases where the default of the owner in paying taxes or in paying arrears before foreclosure, or in redeeming before judgment in foreclosure, has resulted in loss of all title and interest in the property (Administrative Code, § D17-12.0). The result which the court reached reluctantly in Nelson demonstrates the inflexibility in releasing or reconveying property acquired by the city as a result of in rem foreclosure before 1956.
The discretionary power does not become a routine right of the petitioner. The objection by community representatives to the use being made of the premises could properly be considered by the board in exercising a discretion not to grant a release or reconveyance.
The order should be reversed and the petition dismissed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi and Keating concur with Judge Bergan ; Judge Jasen dissents and votes to affirm; Judge Bbeitel taking no part.
Order reversed, etc.