HON. DANIEL R. POLOWY City Attorney, Dunkirk
This is in response to your letter wherein you ask for an opinion of the Attorney General concerning the following. You state that the City of Dunkirk relies heavily on a supply of natural gas to fuel its incinerator at the municipal sewage treatment plant in the process of burning sludge and heating the facility and that the supply of natural gas is purchased from the utility company servicing the area.
You further state that the sewage treatment plant is generally surrounded by park property, which property was acquired by the City of Dunkirk by deeds conveyed to that City which do not contain restrictive covenants as to the use of the land conveyed to be limited for park purposes, but that during the course of approximately 45 years, the City of Dunkirk has maintained such lands as park property and has used it for public park purposes.
You further state that the land, upon which these park lands are situated, is believed to be suitable for the exploration and drilling of natural gas wells and that geologists estimate the probability of discovering a substantial supply of gas by drilling to be 90-95 percent. Accordingly, the City of Dunkirk proposes to let a contract for the drilling operation, subject to the requirements relative to competitive bidding, with the objective that the gas to be found will be used solely for its sewage treatment plant.
You point out that presently there is no contemplation of joint ventures with gas producers nor will such gas be sold to anyone including the utility company presently supplying the sewage treatment plant. You state that the costs of drilling one well will be in the area of $60,000 and that sufficient funds for such purpose are available only in a contingency account. You point out that the cost estimated for gas for the present fiscal year to supply the sewage treatment plant exceeds the sum of $100,000. You ask the following questions:
 "(1) May the city adopt a local law authorizing public works contracts with drilling companies for the exploration, development and production of gas for its own use, i.e., as an additional supply for its sewage treatment plant?
 "(2) If such drilling is going to be undertaken on park property, would a special act of the state legislature be necessary to authorize drilling for gas and construction of wells on park property owned by the city?
 "(3) May the city contract indebtedness for such a purpose?
 "(4) If portions of park property were acquired under former Article 16-C (Park and Recreation Land Acquisition Bond Acts), now Article 15 of the Parks and Recreation Law, would use of such portions for gas wells violate the provisions of section 15.09 of the RPL?"
General City Law, § 20(2), authorizes a city:
 "2. To take, purchase, hold and lease real and personal property within and without the limits of the city; to acquire by condemnation real property within or without the limits of the city for the construction, maintenance and operation of a sewage disposal plant, together with necessary rights of way for extending its sewage system to, and connecting the same with such disposal plant * * *."
We find nothing in the Dunkirk City Charter, in the General City Law nor in any other statute whereby the City of Dunkirk is specifically authorized to adopt legislation authorizing public works contracts with drilling companies for the exploration, development and production of gas for its own use such as an additional supply for a sewage treatment plant.
In Seaman v. Fedourich, 16 N.Y.2d 94 (1965), Judge Fuld stated:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *."
New York State Constitution, Article IX, known as the "Bill of Rights for Local Governments," in section 2(c) thereof provides:
 "(c) In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government
and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government * * *" (Emphasis supplied.)
The authority for a municipality to adopt a local law authorizing public works contracts with drilling companies for the exploration, development and production of gas for its own use is not contained in the enumerated powers of New York State Constitution, Article IX, § 2(c) (ii).
Municipal Home Rule Law, § 10(1), implements the constitutional provisions without specifying that a city may adopt a local law authorizing public works contracts with drilling companies for the exploration, development and production of gas for its own use.
Without passing on the question as to whether a city would be authorized to enact such a local law pursuant to provisions of New York State Constitution, Article IX, § 2(c) (i) and Municipal Home Rule Law, § 10(1) (i) as a matter relating to its property, affairs or government, we call to your attention that real property acquired by a municipality or used by such municipality for park purposes may not be alienated nor otherwise used without authorization from the State Legislature.
Real property acquired by a local government for park purposes is impressed with a public trust and may not be otherwise used or alienated without authorization from the State Legislature (Brooklyn Park Commissioners v. Armstrong, 45 N.Y. 234;People v. Doxsee, 136 App. Div. 400, affd. 198 N.Y. 605).
Parks are of more than local concern and a local government does not possess the power to alienate park lands through the exercise of local law powers (Aldrich v. City of New York, 208 Misc. 930, affd. 2 A.D.2d 760; Matter of Central Parkway, 140 Misc. 727
[Supreme Court, Schenectady County, 1931]).
Parks and Recreation Law, § 15.09, provides:
 "Lands acquired by a municipality with the aid of funds made available pursuant to this article shall be retained by the municipality and shall not be disposed of or, except as provided in Section 15.11, used for other than public park and related purposes without the express authority of an act of the legislature."
The exception contained in Parks and Recreation Law, § 15.11 is not pertinent to your question.
From all of the foregoing, we conclude that the City of Dunkirk may not authorize the use of park lands for the purpose of public works contracts with drilling companies for the exploration, development and production of gas for its own use without a special act of the Legislature. If such purpose is authorized by a special act, such act may also provide for the method of financing the project.