Philip B. Dattilo, Jr., Esq. Honeoye Falls
This is in response to your letter of September 19, 1978, and subsequent telephone conversation wherein you pose the following situation. By a special act, the State Legislature authorized the Village of Honeoye Falls to sell a lower mill building listed on the National Register to a private businessman. It is the intention of this individual to develop the lower mill building as a private commercial enterprise. It has come to the attention of the village planning board that said individual lacks sufficient parking facilities to develop the building to its full capacity. Adjacent to the lower mill site are village parklands which could accommodate the parking problem.
Accordingly, you ask the following question:
(1) May the village legally allow parklands to be used for parking facilities for a private commercial enterprise?
(2) May the village use equipment and/or funds in order to develop a parking lot on parklands for the principal use of the individual who purchased the lower mill site?
Lands acquired by a municipality which are held strictly for the public use as a park may not be sold or used for other purposes without a special act of the State Legislature. The municipality holds such property in trust for the use of the public and cannot permit its use for purposes other than those for which it was dedicated, acquired or appropriated (Matter of Central Parkway, 140 Misc. 727 [Supreme Court, Schenectady County, 1931]).
 "It has long been the rule that a municipality, without specific legislative sanction, may not permit property acquired or held by it for public use to be wholly or partially diverted to a possession or use exclusively private." (Lake George Steamboat Company v Blais, 30 N.Y.2d 48 [1972].)
Similarly, Parks and Recreation Law, § 15.09, provides:
 "Lands acquired by a municipality with the aid of funds made available pursuant to this article shall be retained by the municipality and shall not be disposed of or, except as provided in Section 15.11, used for other than public parks and related purposes without the express authority of an act of the Legislature."
The exception contained in Parks and Recreation Law, § 15.11, is not pertinent to your inquiry.
From the facts you have described, the lower mill building is not situated on parklands and thus, the special act of the State Legislature granting the village permission to sell said building to a private individual did not authorize the development or use of adjacent parklands for parking facilities. Under these circumstances, it is our opinion that the use of parklands as parking facilities for a private commercial enterprise is not a proper use of a public park. Absent a special act of the State Legislature, we can find no authority for the development of such parking facilities on village parklands or for the use of village equipment and/or funds to further such a course of action.
From all of the foregoing, we conclude that absent a special act of the State Legislature, a village may not permit parklands to be developed or used as parking facilities for a private commercial enterprise.