Nicholas A. Sordi, Jr. City Attorney, Glen Cove
This is in reply to your letter of June 20, 1979, requesting an opinion concerning the ability of the City of Glen Cove to sell a certain parcel of real property without requesting special legislation from the State Legislature.
You have stated that the premises in question were irrevocably offered by a developer for dedication to the City for park purposes in 1957, and were removed from the City's tax rolls and have been treated as City-owned property since 1957, although a deed conveying the premises from the developer to the City of Glen Cove cannot be located. The premises have not been improved and have never been used as a park.
It appears that while the City may never have formally dedicated the premises as a park, dedication has taken place by virtue of the developer's irrevocable offer and the City's acceptance of such offer by removing the premises from the tax rolls and treating them as City-owned lands. However, it should be noted that dedication alone does not pass title — without more, only an easement is acquired.
This opinion is predicated on the premise, indicated by you, that the City can validly establish fee title to this parcel of real property and that such title passed to the City from the developer at or after the time of and because of the requirement of an offer of dedication. It is also assumed that the conveyance to the City was not made subject to any condition subsequent.
The basic statutory provision applicable to this situation is General City Law Section 20, subdivision 2, which states in part: ". . . the rights of a city in and to its . . . parks . . . are hereby declared to be inalienable, except in the cases provided for by subdivision seven of this section." Said subdivision seven empowers cities to establish and maintain parks, ". . . and upon the discontinuance thereof to sell and convey the same . . ." However, it was held in Matter of CentralParkway, 251 NYS 577, 140 Misc. 727 (1931), that:
 . . . The nonalienability of parks provided for in subdivision 2 of the section in question is in nowise affected by subdivision 7. The State retains complete authority over the city as to the alienation of park lands.
Cases and opinions dealing with the ability of a city to alienate lands dedicated for park purposes have thus stated that the general rule stemming from this statutory provision is as follows: a public trust is impressed upon such lands from the moment title vests in the city, and such lands may not be sold without an act of the Legislature. In addition to the above reference, see Aldrich v City of New York, 145 N.Y.S.2d 732,208 Misc. 930, affd 2 A.D.2d 760, 154 N.Y.S.2d 427 (2nd Dept., 1956). (Note that General City Law Section 23 [2] [b] provides that any sale of city real estate shall be at public auction to the highest bidder.)
There is nothing in the facts given in the instant case to indicate that the general rule should not be followed. An examination of the Glen Cove City Charter reveals no authority for alienation of park lands without legislative consent. The fact that the premises in question were never used as a park is not sufficient to render the general rule inoperable. The City Planning Board required the developer to offer the premises for dedication for park purposes, and as was pointed out above, a public trust was impressed at the moment of vesting of title.
It is therefore my opinion that the City of Glen Cove does not have the power to sell the premises in question without the express consent of the Legislature. It is assumed that any request for such consent will be made only after careful consideration by the City of the declared policy of the State of New York in favor of preserving open spaces in our urban and suburban areas, as originally expressed in Chapter 523 of the Laws of 1960.