James F. Donohue, Esq. Town Attorney Town of Bedford
You have asked whether the condition contained in letters patent granting certain lands to the Town of Bedford for park, recreation and playground purposes would be violated and result in a reverter by the "creation" of a Police Department pistol firing range on a portion of the property to be available to members of the Department for practice in firing.
The letters patent submitted by you show that the lands were granted to the Town by the Commissioner of General Services pursuant to Section34 of the Public Lands Law. This section authorizes the Commissioner of General Services to convey unappropriated State land to a municipality, for the consideration of $1.00, for certain specified purposes, namely: local mental health facilities; mental retardation facilities; park, recreation, playground, reforestation, street and highway purposes; and mandates a reverter of title if the land is not improved and maintained for the purpose for which conveyed.
The letters patent, issued on January 5, 1971, contain the following provision:
 "These letters patent are issued, however, and this grant is made and accepted upon the express condition that if at any time the land so granted shall not be properly improved and maintained for park, recreation and playground purposes, the title thereto shall revert to The People of the State of New York and they may thereupon re-enter into possession of the same."
I understand from your letter that the lands are known as Beaver Dam Park.
It is our opinion that a Police Department pistol firing range on the property for the use of the Police Department would be foreign to and inconsistent with the park, recreation and playground use by the public required by the letters patent, and that such use would violate the condition in the letters patent and entitle the State to claim a reverter of title. Parenthetically, since the maintenance of such a Police Department pistol firing range is not one of the uses specified in Section 34, the Commissioner of General Services would not be empowered under that section to amend the condition to permit such a use. Special enabling legislation would be required to authorize such an amendment.
There is an additional aspect of the matter that should be considered. Your letter indicates that the lands are dedicated for park purposes. As such they are held in trust for the public and may not be alienated, nor may their use be diverted to other purposes, without express legislative authority (Brooklyn Park Com'rs v Armstrong, 45 N.Y. 234 [1871]; Aldrichv City of New York, 208 Misc. 930 [Sup Ct, 1955], affd 2 A.D.2d 760 [2nd Dept, 1956]; In re Central Parkway, City of Schenectady, 140 Misc. 727
[Sup Ct, 1931]). Thus, as indicated above, the use of park lands for a Police Department pistol firing range would be inconsistent with the park use of the land and would require legislative approval.