OPINION OF THE COURT
Martin Evans, J.
This CPLR article 78 proceeding, brought by a delinquent taxpayer, seeks an order annulling the determination of the Board of Estimate, which denied petitioner’s application for discretionary redemption of real property from in rem city ownership.
The relief sought is denied.
The Board of Estimate, in deciding whether or not to grant such an opportunity, need not make specific findings nor explain its reasons, as petitioner contends. The relief originally sought is not a right to which petitioner is entitled, as a matter of law. (Administrative Code of City of New York, § D17-25.0, subd g.) Rather, unlike the four-month postjudgment redemption period available as of right (cf. Administrative Code, § D17-25.0, subd f), it is entirely a matter of discretion within the unique competence, and exclusive jurisdiction of the Board of Estimate. It is an integral part of the Board’s executive function, not its legislative or quasi-judicial responsibilities. (See Dwyer v Lindsay, 23 NY2d 562; Congress of Racial Equality v City *376 of New York, NYLJ, March 26, 1981, p 6, col 5 [Greenfield, JJ.)
The city mistakenly relies on Matter of Santos Equities Corp. v Meekins (NYLJ, Dec. 1, 1981, p 7, col 6 [Ryp, J.]) and Rosenthal v Board of Estimate (Supreme Ct, NY County, 1980) for the proposition that a CPLR article 78 proceeding does not lie to permit review of the Board’s action in its executive capacity. Those cases do not declare such a proposition. Rather, because they emphasize that the requested opportunity to redeem is discretionary, these cases can be read for the proposition that the Board’s action is not subject to review on the same basis as an administrative determination. (Cf. Matter of Pell v Board of Educ., 34 NY2d 222 [rational basis test].) It is apodictic that, whatever standard is applied, the Board cannot exercise its discretion, even if regarded as absolute, in an unconstitutional or illegal manner. To hold, as the city argues, that the Board’s executive action may never be questioned for any reason, is contrary to fundamental standards of due process of law and democratic government. Such a view could effectively insulate racial or religious discrimination, bribery or other venal or manifestly improper action. The burden must rest on the petitioner to come forward with evidence of such conduct. While there is no evidence whatsoever here of improper action or base motivation, the court cannot ground its decision on the sweeping grounds suggested. The law may often grant discretion to government, but that discretion, even if regarded as final and unfettered, must be exercised constitutionally.
Moreover, even if the court were to apply to the Board the same standard of review as would be applicable to an administrative agency (see Pell v Board of Educ., 34 NY2d 222, supra), the respondents clearly had a reasonable basis for denying petitioner’s application. Petitioner had been continuously delinquent in his tax payments since 1973. Not only did he unjustifiably never seek to pay the arrearage in whole or in part, or seek to settle the city’s claim, he did not avail himself of the four-month period postjudgment, in which, as of right, he could have redeemed the property. (Administrative Code, § D17-25.0, subd f.)
*377 Furthermore, despite knowledge that he was still in default, and that he was in violation of the zoning resolution, petitioner had continued to maintain an illegal junkyard on the premises, which he continued to occupy under an inexpensive lease from the city.*
The city’s motion to dismiss is granted; the relief sought is accordingly denied and the petition is dismissed.

 The court will not speculate on why the city permitted such continued, improper tenancy; suffice to say, it did not create or revive any right in petitioner to redeem the property.