OPINION OF THE COURT
Herbert Kramer, J.
“When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee’s last known available address, or by personal service.” (Mennonite Bd. of Missions v Adams, 462 US 791, 798 [1983].)
FACTS
The amended petition alleges that the petitioner was the holder in due course of several mortgages on the subject premises duly transferred and recorded; the petitioner commenced a foreclosure action on about June 13, 1983 in which the respondent City of New York was a defendant who duly appeared, and upon which judgment was entered on February 15,1984. Subsequent thereto, on or about July 28, 1983, the property in question was acquired by the City of New York by means of a tax foreclosure. On or about August 8, 1983 the petitioner first became aware of the existence of the tax foreclosure, whereupon requisite forms for release of the property were appropriately filed. However, city officials refused to accept full payment.
*856 Additionally, petitioner further alleges that no service or notice was made on any of the predecessor or current mortgagees.* No allegation was made concerning the filing of an in rem card.*
The respondent city, prior to answer, moved to dismiss on the ground that the relief requested is contrary to law, thereby averring to the truth of the petition for the purposes of this motion.
DISCUSSION
Prior to the decision of the United States Supreme Court in Mennonite Bd. of Missions v Adams (supra) the courts of this State have consistently found the notice provisions of Real Property Tax Law § 1124, and like provisions of the Administrative Code of the City of New York to be valid and constitutional (Matter of Duyer v Lindsay, 23 NY2d 562; Solomon v City of New York, Dept, of Gen. Servs., Div. of Real Prop., 94 AD2d 283; City of New York v Nelson, 309 NY 94, affd 352 US 103).
The decision in the Mennonite case (supra) has effectively overruled prior New York precedent in the case of a mortgagee (but see, Bender v City of Rochester, 588 F Supp 1405 [1984]). A mortgage is a substantial property interest which is affected significantly by a tax sale. Thus, a mortgagee is entitled to notice reasonably calculated to apprise him of a pending tax foreclosure and sale. While the specific form of such notice may vary, sufficient notice is required to conform to the requirements of Mullane v Central Hanover Trust Co. (339 US 306, 317; Matter of Foreclosure of Tax Liens by County of Erie [Manufacturers & Traders Trust Co.], 103 AD2d 636 [4th Dept 1984]). The Fourth Department held that a provision allowing a mortgagee to file a notice with the taxing authority requesting a notice of impending foreclosure (in rem notice) insufficient to comply with this notice rendered by Mennonite (supra). The State has an obligation to all mortgagees, not only those who request notice (Matter of Foreclosure of Tax Liens by County of Erie [Manufacturers & Traders Trust Co.], supra; but see, Matter of Tax Foreclosure No. 35 of City ofN. Y., 128 Misc 2d 88).
*857 Since the city has moved to dismiss prior to answer, this court cannot determine the efficacy of any purported notice to the present mortgagee or its assignors. It should be noted that nothing in this decision is intended to invalidate the tax foreclosure sale proceeding as to an owner. (Bender v City of Rochester, supra; Solomon v City of New York, Dept, of Gen. Servs., Div. of Real Prop., supra.)
Thus, the city is directed to file an answer to the amended petition detailing all notice and the method thereof given to all present and prior mortgage interests as listed in the petition.
This court recommends to the Legislature the amendment of Real Property Tax Law § 1124 and similar local statutes to comply with the current United States Supreme Court notice mandate.
Respondent’s motion to dismiss is denied.

 The controlling statute, Administrative Code of the City of New York § D17-6.0 (c) provides for notice to be mailed to all mortgagees, among others “who may be entitled to receive such notice by virtue of any owner’s registration or in rem card filed in the office of the city collector pursuant to section D17-16.0 or D17-17.0 of this title. If such owner’s registration on in rem cards have not been filed in the office of the city collector then such notice shall be mailed to the name and address, if any, appearing in the latest annual record of assessed valuations.”