A change in the use of municipal parking spaces on parkland must be authorized by special legislation.

December 13, 2017

Beth Ann Reilly                                    Informal Opinion
Deputy Town Attorney                               No. 2017-1
Town of Brookhaven
One Independence Hill
Farmingville, NY 11738

Dear Ms. Reilly:

You have requested an opinion asking whether specific legislative authority is required for a village within the Town to convert certain parking spaces in a parking lot owned by the Town from eight spaces for boat trailers to 30 spaces for passenger vehicles, in accord with an inter-municipal agreement between the village and the Town. You have explained that at present the eastern portion of the parking lot is used for general municipal parking, and the western portion of the lot, closest to the boat ramp of a marina, is used for parking both cars and boat trailers for the Town's marina. The village intends to reconfigure the existing eight boat-trailer spaces in the western portion to make 30 spaces for passenger vehicles. These reconfigured spaces will not be reserved for those using the marina but instead will be available to members of the public for municipal parking generally. Under the terms of the agreement, the village will maintain and control the parking spaces for at least 50 years, with an option to renew the agreement for up to another 50 years.

You have stated that the eight boat-trailer spaces are located on parkland. Parkland is imbued with a public trust and cannot be alienated or diverted to non-park purposes without specific authority from the Legislature. *Friends of Van Cortlandt Park v. City of New York*, 95 N.Y.2d 623, 630 (2001). Because the current use of the spaces in question—parking of boat trailers incidental to the use of the marina—is distinctly different from the proposed use—parking for general municipal purposes, including but by no means limited to parking for use of the marina—we believe that legislative authority for the proposed change is required.

Your letter suggests that no legislative action is required because there would be no transfer of title to the land in question, and because the land would remain a parking lot, changing only the specific vehicles that will be permitted to park there from boat trailers to automobiles. We note that although title will not be transferred, the proposed inter-municipal agreement will transfer control over the parking spaces from the Town to the village, and thus that transfer alone might well require special

legislation. *See Miller v. City of New York*, 15 N.Y.2d 34, 37 (1964) (park cannot be alienated or subjected to anything beyond revocable permit without legislative sanction). Setting aside that question, we are of the opinion that because land currently dedicated to park purposes—parking for the marina—would be made available for parking for other than park purposes, that is, general municipal parking, the change would constitute a diversion of park property that must be authorized by the Legislature before it can occur. Specific legislation is required even when the diversion of parkland serves another public purpose. *Friends of Van Cortlandt Park*, 95 N.Y.2d 623, 631-32 (water treatment plant); *Williams v. Gallatin*, 229 N.Y.248, 253 (1920) (courts or schools); *Matter of Central Parkway*, 140 Misc. 727 (Sup. Ct. Sch'dy Co. 1931) (highway).

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,

KATHRYN SHEINGOLD
Assistant Solicitor General
 in Charge of Opinions