In the Matter of Louis DAVIS, Individually and as President and Sole Shareholder of MOR-LOU CORPORATION, et al., Respondents, v CITY OF SYRACUSE et al., Appellants.—

A legislative body cannot be required to set general standards for areas in which it has discretion to act as long as it retains the authority to make individual decisions *(see, Cummings v Town Bd.,* 62 NY2d 833, 834). The City of Syracuse has retained such authority by section 6-202 (4) of the City Charter. Neither this ordinance nor State law *(see,* Real Property Tax Law § 1166 [1]) places any limitation upon the city's discretion.

Petitioner also has failed to establish any fundamental constitutional right which supports its claim of denial of due process or equal protection of the law. "Exercise of discretion in favor of one confers no right upon another to demand the same decision" *(Matter of Larkin Co. v Schwab,* 242 NY 330, 336). An offer to buy property does not confer upon the offeror a constitutional right. Moreover, even assuming that petitioner was entitled to a reason for the city's refusal to sell, it is clear from the record that the city had three major concerns: (1) Mor-Lou's failure to occupy the premises after purchase; (2) opposition of several neighborhood and civic organizations to Mor-Lou's offers; (3) the alleged participation in the management of Mor-Lou's properties by a convicted arsonist. Any one of those concerns would have been sufficient and rational justification for respondents' actions. Accordingly, respondents' motion to dismiss the petition for failure to state a cause of action *(see,* CPLR 7804 [f]) should have been granted. (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—art 78.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.