■ In the Matter of JAMES A. SACCO, as Supervisor of the Town of Niagara, Respondent, v BARBARA MARUCA et al., Constituting the Town Board of the Town of Niagara, Appellants. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted, in accordance with the following Memorandum: Respondents, the four elected councilpersons of the Town of Niagara, appeal from two judgments. The first granted that part of petitioner's CPLR article 78 petition that sought to annul respondents' resolution reducing petitioner's annual salary as Town Supervisor from $24,000 to $11,000. The second granted the remaining portion of petitioner's CPLR article 78 proceeding/declaratory judgment action that sought to annul a separate enactment of respondents creating the position of Town Administrator.

At the outset, we note that petitioner's first cause of action, framed as a request for article 78 relief, should be converted to a demand for declaratory judgment (CPLR 103 [c]; *Kamhi v Town of Yorktown,* 141 AD2d 607, 609, *affd* 74 NY2d 423). We therefore modify to declare the rights of the parties in accordance with the court's holding nullifying the salary reduction measure adopted by respondents. Reduction of the salary of an elected Town official during his term of office cannot be accomplished by mere resolution, but requires enactment of a local law subject to mandatory referendum *(see,* Municipal Home Rule Law § 23 [2] [e]; *see also,* Municipal Home Rule Law § 2 [9]; § 10 [1] [ii] [a] [1]). Town Law § 27 (1), relied upon by respondents, merely establishes the authority for the Town Board to raise or lower salaries at any time. Municipal Home Rule Law § 23 (2) (e) is controlling on the issue in this case, which involves the manner in which a municipality reduces the salary of an elected official during his term of office.

Similarly, the court properly invalidated the law establishing the position of Town Administrator. Town Law § 58-a provides that the Town Board may grant or transfer to an administrative officer those powers and duties held by elected officials of the Town, provided that it does so by local law enacted in compliance with the provisions of sections 23 and 24 of the Municipal Home Rule Law. Municipal Home Rule Law § 23 (2) (f) provides that a local law shall be subject to mandatory referendum if it "[a]bolishes, transfers or curtails any power of an elective officer". Since petitioner is an elective officer, the only question is whether Local Laws, 1990, No. 6 of the Town of Niagara abolishes, transfers or curtails his powers. We conclude that it does. The duties of the Town Administrator, as delineated in Local Law No. 6, impinge upon the Town Supervisor's statutory responsibilities, particularly his accounting functions and budgetary responsibilities *(see,* Town Law §§ 29, 104, 106, 125). Therefore, the local law is subject to mandatory referendum and was properly declared invalid for failure to satisfy that requirement. (Appeal from Judgment of Supreme Court, Niagara County, Mintz, J.—Article 78/Declaratory Judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.