■ FLOYD C. QUICK et al., Appellants, v COUNTY OF BROOME et al., Respondents. [754 NYS2d 918] —Carpinello, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered February 1, 2002 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs failed to pay taxes for three years on a parcel of property in the Town of Kirkwood, Broome County, and also thereafter failed to redeem the property by the date set forth in the ensuing petition and notice of foreclosure (*see* RPTL 1110, 1123 [6]) or even by the date of the judgment of foreclosure itself, despite timely and actual notice of the foreclosure proceeding (*see* RPTL 1125). Nor did plaintiffs serve an answer to the petition (*see* RPTL 1123 [6], [7]). Within days of a public auction, however, plaintiffs did attempt to redeem the property, but this request was denied by defendant County of Broome (*see* RPTL 1123 [8]), and the property was thereafter

purchased by defendant David S. Ceballos. Plaintiffs commenced this declaratory judgment action to regain title on a variety of grounds.

We have little to add to the thoughtful and well-reasoned decision of Supreme Court granting summary judgment to defendants. The record reveals that plaintiffs, who admittedly received timely and actual notice of the in rem tax lien foreclosure proceeding (*see* RPTL 1125; *see e.g. Matter of McCann v Scaduto*, 71 NY2d 164; *Matter of Vilca v Village of Port Chester*, 255 AD2d 593, 594), did not timely redeem the property (*see* RPTL 1123 [6]; *see e.g. Matter of City of Binghamton [Ritter]*, 128 AD2d 266; *Matter of Valente v Culver*, 124 AD2d 950, *lv denied* 69 NY2d 611). The record also establishes that the County followed all proper procedures in foreclosing the lien (*see* RPTL 1124). Once foreclosed upon, the County was not legally obligated to sell the property back to plaintiffs (*see e.g. Matter of Cerro v Washington County Bd. of Supervisors*, 247 AD2d 726, *appeal dismissed* 92 NY2d 845, *lv denied* 92 NY2d 811).

Finally, although the County, in accordance with RPTL 1184 (2), had enacted local legislation permitting the payment of delinquent taxes in installments, the failure to enter into such an agreement with plaintiffs does not render the subject tax sale defective or in any respect mandate that plaintiffs be declared the rightful owners of the property. First, plaintiffs never requested to pay their delinquent taxes in installments. Moreover, when plaintiffs finally made an effort to redeem the property a few days before the scheduled auction, they purportedly possessed sufficient cash to pay the delinquency in full. Given these facts, any claims concerning the lack of an installment agreement are without merit.

We have reviewed plaintiffs' remaining contentions and reject them as unavailing.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.