■ KELLEY POTTER, Respondent, v JEANNE C. BERLIN, as City Clerk of City of Oswego, et al., Appellants. (Appeal No. 1.) [801 NYS2d 197]—Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered August 18, 2004 in a declaratory judgment action. The judgment, inter alia, declared Local Law No. 4 (2003) of the City of Oswego invalid.

Appeal from a judgment (denominated order) of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered November 1, 2004. The judgment, insofar as appealed from, adhered to the prior judgment declaring Local Laws, 2003, No. 4 of the City of Oswego invalid.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and judgment is granted in favor of defendants as follows: It is adjudged and declared that Local Law No. 4 (2003) of the City of Oswego is valid.

Memorandum: By this action, commenced as a CPLR article 78 proceeding but properly converted by Supreme Court to a declaratory judgment action (*see Matter of Sacco v Maruca,* 175 AD2d 578 [1991], *lv denied* 78 NY2d 862 [1991]), plaintiff challenges the validity of Local Laws, 2003, No. 4 of the City of Oswego (City). By that local law, defendant City Common Council (Council) amended section 4-01 of the City Charter (Charter) by raising the minimum salary for the City's Mayor from $25,000 to $40,000 per year. We conclude that the court erred in declaring Local Law No. 4 invalid on the ground that the Council failed to comply with the procedural requirements of Charter § 4-01 in enacting that local law.

The fifth sentence of section 4-01 states that the Council "shall review the Mayor's salary during each mayoral term and report its recommendation of any increase by March 15 of the last year of that term." The sixth sentence states that "[n]o increase in salary shall take place during an incumbent's term, except by local law." Reading the Charter provision as a whole and in such a way to render it internally consistent and harmonious (*see Matter of Srogi v Cahill,* 40 AD2d 948 [1972]), and "consider[ing] [each word therein] in arriving at its meaning" (*Golden v Koch,* 49 NY2d 690, 694 [1980]), we agree with defendants that the Charter provision does not require the Council to review the Mayor's salary and report its recommendation of any increase by March 15 of the last year of a mayoral term as a precondition to increasing the Mayor's salary by local law. We do not construe the March 15 deadline as mandatory, but rather we interpret the Charter provision as a whole as

authorizing the Council to increase the Mayor's salary at any time, without adhering to the timetable set forth in the fifth sentence, provided that the Council increases the salary by enacting a local law. We note that the interpretation of the Charter provision advanced by plaintiff and adopted by the court would render its sixth sentence, particularly the critical word "except" and the critical phrase "during an incumbent's term," of little or no effect. Moreover, that interpretation would render the Charter provision inconsistent with Municipal Home Rule Law § 10 (1) (ii) (a) (1) and § 24 (2) (h), which together provide that the Council may, by local law, raise the salary of an incumbent mayor at any time "during his term of office." Neither a general statute nor a municipal charter provision bearing on the same subject is " ' "to be given an exclusive interpretation" ' " (*Matter of Langsam Prop. Servs. Corp. v McCarthy*, 261 AD2d 208, 210 [1999]). Rather, "under recognized principles of statutory construction, they are to be read together and given a harmonious interpretation wherever possible, and are to be read also in such a way as will effectuate the legislative intent" (*id.* [internal quotation marks omitted]). We therefore reverse the judgment insofar as appealed from and grant judgment in favor of defendants accordingly. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.