634

[965 NE2d 944, 942 NYS2d 442]

In the Matter of the Foreclosure of Tax Liens by Proceeding in Rem Pursuant to Article Eleven of the Real Property Tax Law, by ORANGE COUNTY COMMISSIONER OF FINANCE, Appellant. JEANETTE HELSETH et al., Respondents.

Argued January 4, 2012; decided February 21, 2012

## POINTS OF COUNSEL

*David L. Darwin, County Attorney,* Goshen (*Matthew J. Noth-nagle* of counsel), for appellant. I. The County gave respondents sufficient notice of the tax foreclosure proceeding. (*NYCTL 1996-1 Trust v Jellerette,* 48 AD3d 769; *Matter of Clinton County [Miner],* 39 AD3d 1015; *Matter of Harner v County of Tioga,* 5 NY3d 136; *Mullane v Central Hanover Bank & Trust Co.,* 339 US 306; *Jones v Flowers,* 547 US 220; *Kennedy v Mossafa,* 100 NY2d 1; *McDowell v Grosz,* 81 AD3d 1211; *Matter of County of Sullivan [Spring Lake Retreat Ctr., Inc.],* 39 AD3d 1095; *Feggins v Department of Educ. of the City of N.Y.,* 2007 NY Slip Op 30323[U]; *Matter of County of Clinton [Bouchard],* 29 AD3d 79.) II. The lower courts' requirement of an additional round of notices is inconsistent with the holdings of this Court and the United States Supreme Court. (*Mennonite Bd. of Missions v Adams,* 462 US 791; *Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418; *Sheehan v County of Suffolk,* 67 NY2d 52; *Matter of McCann v Scaduto,* 71 NY2d 164; *Matter of ISCA Enters. v City of New York,* 77 NY2d 688; *Kennedy v Mossafa,* 100 NY2d 1; *Matter of Harner v County of Tioga,* 5 NY3d 136; *Jones v Flowers,* 547 US 220.) III. The lower courts' decisions in this case are inconsistent with prior case law, including federal case law. (*Weigner v City of New York,* 852 F2d 646, 488 US 1005; *Matter of County of Clinton [Bouchard],* 29 AD3d 79.) IV. The lower courts' decisions are contrary to prior case law, which made the redemption deadline identical to a statute of limitations. (*Matter of City of Binghamton [Ritter],* 128 AD2d 266;

*City of Peekskill v Perry*, 272 App Div 940; *Matter of Foreclosure of Tax Liens*, 23 Misc 3d 1140[A], 2009 NY Slip Op 51206[U]; *Matter of Elinor Homes Co. v St. Lawrence*, 113 AD2d 25; *Gibbs v St. Barnabas Hosp.*, 16 NY3d 74; *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725.)

*Daniel E. Bertolino, P.C.*, Upper Nyack (*Jonathan B. Schloss* of counsel), for respondents. I. Both lower court decisions were consistent with controlling case law which requires a municipality to give reasonable notice of a pending tax foreclosure sale. (*Jones v Flowers*, 547 US 220; *Matter of Harner v County of Tioga*, 5 NY3d 136; *Mennonite Bd. of Missions v Adams*, 462 US 791; *Kennedy v Mossafa*, 291 AD2d 378, 100 NY2d 1; *Congregation Yetev Lev D'Satmar v County of Sullivan*, 59 NY2d 418; *Facchin v Pekich*, 232 AD2d 447; *Matter of McCann v Scaduto*, 71 NY2d 164.) II. Orange County's unconscionable conduct unduly deprived Jeanette and Ola Helseth of their real property. (*Jones v Flowers*, 547 US 220.) III. Orange County's hypothetical question is irrelevant; where release of a taxing authority's interest is potentially available, the debtor must receive due process notice of such. (*Weigner v City of New York*, 852 F2d 646.)

**OPINION OF THE COURT**

JONES, J.

In November 1997, Jeanette and Ola Helseth (the Helseths) purchased a four-acre parcel of land located in the Town of Warwick, Orange County, New York. The parcel was subdivided into two-acre lots and a home, in which the Helseths resided, was constructed on one of the lots; the other lot remained unimproved (the property). In 2000, following the sale of the improved lot, the Helseths moved to an apartment on Amity Road; and in 2002, they relocated to Sanfordville Road, placing the property on the market for sale through a real estate broker.

In April 2004, after learning from the landlord of their former Amity Road residence that they continued to receive mail at that location (including a real property tax bill), the Helseths filed a change of address form with the Town of Warwick Assessor, indicating the Sanfordville Road address as their then-current address. Moreover, in September 2005, the Helseths paid that year's real property taxes at the Office of the Orange

County Commissioner of Finance (the County), directly informing it of their Sanfordville Road address. Despite these attempts to amend their address for accurate reflection in the tax rolls, the Helseths did not receive any additional real estate property tax bills or correspondence. Indeed, according to the County, its records indicated that the Helseths resided at the prior Amity Road address.

Starting in January 2006, the Helseths failed to pay taxes on the property* and in November of that year, the County, pursuant to Real Property Tax Law § 1122, filed a list of then-delinquent tax parcels (which included the property). In October 2007, the County filed a petition of tax foreclosure pursuant to Real Property Tax Law § 1123 for the delinquent parcels and an ensuing in rem tax foreclosure action was commenced. The County gave notice of the foreclosure action by publishing the notice in six newspapers for three nonconsecutive weeks over a two-month period; posting the notice in conspicuous locations at the Department of Finance office, the Orange County Clerk's office and the Orange County courthouse; and by mailing the notice by regular first-class mail and certified mail, return receipt requested, to the Amity Road residence. The certified mailing was returned to the County as "unclaimed."

The Helseths did not answer, exercise their right to redeem the property or otherwise appear in the foreclosure action and the County moved, on April 7, 2008, for a default judgment of foreclosure. Judgment was entered and a deed was recorded on August 7, 2008, conveying title to the County.

Following the judgment of foreclosure, a letter was sent by certified mail, return receipt requested, informing the Helseths that the County had acquired title to the property. The letter further advised them of the opportunity to repurchase the property "back from the County through the release of the County's interest." The certified mailing, which was again mailed to the Amity Road address, was returned as "not deliverable as addressed."

The Helseths first learned of the underlying foreclosure action and a scheduled auction sale of the property when they were informed by their real estate broker that potential buyers

---

* Although the Helseths failed to pay their real property taxes, they were aware of their obligation. Jeanette Helseth averred in an affidavit that "[a]lthough I knew that I owed the taxes, I always had the property for sale, and I thought that I would be able to pay the back taxes as soon as I sold it."

had inquired about the lot. As a result, they moved by order to show cause to stay the sale of the property, but Supreme Court declined to sign a temporary restraining order, adjourning the matter to a date after the auction. Consequently, the Helseths appeared at the auction and submitted a winning bid of $150,000, paying a $15,000 deposit. However, they failed to remit the remaining balance and the County auctioned the property to another party.

Supreme Court subsequently ruled on the order to show cause, concluding that the County's provision of notice for the foreclosure action satisfied constitutional due process. However, the court held that the County's additional notice was inadequate, remarking that

> "constitutional due process requirements attendant to one's right to redeem property from a municipality following a tax lien foreclosure have not been met where, as here, the municipality sends notification to the property owner of his or her constitutionally protected right to redemption by only one means, certified mail, return receipt requested, where said mailing is returned as not deliverable as addressed, since such a notation, on its face, carries the indicia that the address is invalid. This is especially so where, as here, the presumptive status of the address to which notifications have been forwarded changes from one at which a recipient is attempting to avoid notification to that of an invalid address. Worthy of note but not a necessary factor in the determination reached herein is the fact that the notice of the right of redemption, even if received, failed to identify the very parcel to which it relates" (24 Misc 3d 204, 210-211 [Sup Ct 2009] [citations and internal quotation marks omitted]).

The Appellate Division unanimously affirmed, similarly concluding that "the [County] failed to provide adequate notice of the [Helseths'] opportunity to obtain a release of the [County's] interest in their property after the expiration of the statutory redemption period pursuant to Local Law No. 7 (2001) of County of Orange" (73 AD3d 1053, 1054 [2d Dept 2010]). Because the certified mailing for the release and auction sale was returned as not deliverable, the court reasoned that the County "was obligated to take reasonable steps to ascertain a correct address for the [Helseths]" (id.). This Court granted leave to appeal (16 NY3d 704 [2011]), and we now reverse.

As an initial matter, both lower courts agreed—as do the Helseths—that the County provided adequate notice for the underlying foreclosure action. Thus, the sole issue before this Court is whether the County provided sufficient notice, in accord with constitutional due process, of the release option afforded pursuant to Local Law No. 7 (2001) of County of Orange, which provides in relevant part: "The Enforcing Officer may, prior to the public auction, permit the previous owner of record to purchase his or her parcel through a release of the County's interest . . . All releases of the County's interest must be approved by a majority vote of the County Legislature" (Orange County Local Law No. 7 § 5 [B] [1]).

The County argues that constitutional due process only required notice of the pending foreclosure action and not for each successive stage of the proceedings. The Helseths contend that when a municipality provides for a release or repurchase right by law, the landowner has a continued property interest entitled to additional, adequate notice. With respect to the mailed notice itself, it is asserted that it was deficient because its generic, pro forma language could not reasonably apprise the recipient of the matter at issue. Moreover, the County failed to conduct a reasonable search or investigation to ascertain an accurate address when the mailing was returned as not deliverable (*see Matter of Harner v County of Tioga*, 5 NY3d 136 [2005]). We agree with the County and hold that it was only obligated to give singular notice of the foreclosure action as that was the underlying governmental action threatening the Helseths' property interests.

It has been well established that "[b]oth the Federal and State Constitutions provide that the State may not deprive a person of property without due process of law" (*Kennedy v Mossafa*, 100 NY2d 1, 8-9 [2003]; *see also* US Const 14th Amend; NY Const, art I, § 6). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise" the parties whose rights are to be affected of the opportunity to appear and be heard (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Matter of McCann v Scaduto*, 71 NY2d 164, 172 [1987]).

Contrary to the Helseths' assertions, all that was constitutionally mandated of the County was the provision of reasonable notice of the governmental taking that would impair the rights of the interested or affected parties—i.e., the foreclosure action (*see Sheehan v County of Suffolk*, 67 NY2d 52, 59 [1986] ["Once

taxpayers are provided with notice and an opportunity to be heard on the adjudicative facts concerning the valuation of properties subject to tax, as was done here, they have received all the process that is due"]). In *Weigner v City of New York* (852 F2d 646 [2d Cir 1988]), the United States Court of Appeals for the Second Circuit had occasion to consider this precise issue when it was presented with a tax lien foreclosure proceeding where a defaulting plaintiff contended that she did not receive adequate notice of her redemption and release options. The court specifically rejected that argument, holding that "due process only requires notice of the pendency of the action and an opportunity to respond. The City . . . was not required to send additional notices as each step in the foreclosure proceeding was completed or when each of the available remedies was about to lapse" (852 F2d at 652 [citations and internal quotation marks omitted]; *see also Matter of County of Clinton [Bouchard]*, 29 AD3d 79, 82 [3d Dept 2006]). Thus, any subsequent juncture related to the underlying foreclosure, even one established by local law, does not impose a concomitant duty of notice, particularly when there is no further governmental taking at issue.

The release option in this appeal—a discretionary, permissive remedy made available to the Helseths *after* the property was lawfully foreclosed and conveyed to the County—did not establish or extend a property right entitled to due process protection as any property interests held by the Helseths were lawfully extinguished as of the expiration of their right to redemption and the entry of the judgment of foreclosure (*see Sheehan*, 67 NY2d at 59 ["Full forfeiture has already occurred upon the taxpayer's failure to redeem the property"]; RPTL 1123 [8] ["In the event of failure to redeem or answer by any person having the right to redeem or answer, such person shall be in default and shall be barred and forever foreclosed from all his or her right, title and interest in and to the parcels described in such petition and a judgment in foreclosure may be taken by default as provided by this title"]). Rather, the release was simply an option to repurchase property then owned by the County. Put another way, the release option was a courtesy extended to the previous landowner, but its mere availability should not be equated with the establishment or guarantee of a property right. As reflected by the plain language of the local law and the mailed notice, a release option "may" be offered and "[t]he Finance Office cannot guarantee that the Legislature will approve the sale."

The Helseths rely primarily on the United States Supreme Court's decision in *Jones v Flowers* (547 US 220 [2006]) for the proposition that due process notice must be provided in any tax lien foreclosure sale of real property. In that case, by mutual agreement, the landowner timely paid his mortgage for 30 years and in return, the mortgage company paid real property taxes. However, after the mortgage was satisfied, the company ceased paying the real property taxes and the land fell into delinquency. The state issued notice to the landowner, informing him that the property would be subject to a public tax sale within two years if it was not redeemed. The notice, sent by certified mail, return receipt requested, was returned as unclaimed. Ultimately, the Supreme Court concluded that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property" (547 US at 225).

However, *Jones* is factually distinguishable because in lieu of a foreclosure proceeding, the public tax sale constituted the governmental taking that required reasonable due process notice, whereas in this appeal, the County's provision of a repurchase option was not the underlying taking or an extension of such action, but a subsequent, optional measure offered to the previous landowner well after title had been conveyed to the County. Thus, *Jones* does not expand a municipality's obligations by imposing a duty of providing due process notice for a tax lien foreclosure sale, but instead comports with the well-settled rule that notice is only required for the governmental taking of private property that may impair the interested parties' rights.

Because of our resolution of this appeal, we do not reach the Helseths' remaining contentions pertaining to the adequacy of the mailed notice.

Accordingly, the order of the Appellate Division should be reversed, with costs, and that branch of respondents' motion which was to allow them to pay back taxes and interest due for a release with respect to the property denied.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order reversed, etc.