■ In the Matter of MARY SMERECKI, on Behalf of JANINA SMERECKI, Appellant, v KEVIN P. KEOUGH, as Director of Broome County Real Property Tax Service, Respondent. [956 NYS2d 279]—

Mercure, J.P.

Inasmuch as it is undisputed that the tax lien was valid and respondent followed all proper procedures in foreclosing the lien, "any property interests held by [Smerecki] were lawfully extinguished as of the expiration of the[ ] right to redemption and the entry of the judgment of foreclosure" (*Matter of Orange County Commr. of Fin. [Helseth]*, 18 NY3d 634, 640 [2012]). That is, the County had no legal obligation to sell the property back once the valid judgment of foreclosure awarded it title (*see Quick v County of Broome*, 302 AD2d 788, 789 [2003]; *Key Bank of Cent. N.Y. v County of Broome*, 116 AD2d 90, 92 [1986]). Nevertheless, petitioner challenges the denial of her hardship sellback request as arbitrary and capricious, and without a rational basis.*

Pursuant to Broome County Charter and Administrative Code § 222-13, "the Finance Committee of the Broome County Legislature or [its] designee shall have, in its sole discretion, . . . the right to remove any parcel or parcels of land from sales

---

* Petitioner argues at length that certain cases decided by the Appellate Division, First Department apply a heightened standard of "fraud or illegality" in interpreting a similar statute and should not be followed due to distinctions in the statutory schemes at issue; a review of those cases indicates that the Court employed the rationality standard set forth in CPLR 7803 (3)— "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (*see Matter of Upper E. Side Community Dev. Corp. v City of N.Y. Div. of Real Prop.*, 176 AD2d 649, 650 [1991]; *Solomon v City of N.Y., Dept. of Gen. Servs., Div. of Real Prop.*, 94 AD2d 283, 286-287 [1983]; *see also Matter of Sixteen Eighty W. 7th Corp. v Board of Estimate of City of N.Y.*, 109 AD2d 799, 800 [1985]).

lists or from auction, where, in the judgment of said Committee, an unusual or unique situation or hardship case is presented which would require further consideration." Such a release is in the nature of "a courtesy extended to the previous landowner, but its mere availability should not be equated with the establishment or guarantee of a property right" (*Matter of Orange County Commr. of Fin. [Helseth]*, 18 NY3d at 640) or "a routine right of the petitioner" (*Matter of Dwyer v Lindsay*, 23 NY2d 562, 565 [1969]). While petitioner detailed her mother's declining health and deteriorating mental condition after suffering heart attacks and a stroke, respondent provided a factually supported, rational basis for his determination that a sell-back was not justified. Specifically, as Supreme Court noted, respondent indicated that, although petitioner was aware that Smerecki's health issues had resulted in her failure to pay taxes on various properties and petitioner had entered into an installment agreement with Delaware County, she did not attempt to resolve the tax lien in Broome County until six months after the deadline to redeem the property had passed. Moreover, respondent noted that the property at issue was not Smerecki's primary residence. Under these circumstances, it cannot be said that respondent's determination constituted an abuse of discretion or was irrational.

Spain, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.