Lahtinen, J.
Appeal from a judgment of the Supreme Court (Reynolds Fitzgerald, J.), entered August 15, 2012 in Broome County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Finance Committee of the Broome County Legislature denying petitioner’s request for a hardship sell-back of certain real property.
Petitioner, a resident of Florida, failed to pay property taxes in 2009 and 2010 on unoccupied real property that he owned in Broome County. Respondent commenced an in rem proceeding to foreclose the delinquent tax liens (see RPTL art 11). Although petitioner acknowledged receiving notice of the proceeding, he did not contact respondent until after title to the real property had transferred to Broome County. He then requested a hardship sell-back of the property citing financial difficulties resulting from a significant decline in his residential security system installation business following the housing market crash in Florida as well as his wife’s loss of her employment. Respondent denied petitioner’s request and, upon administrative appeal to the Finance Committee of the Broome County Legislature, the denial was upheld. Petitioner’s CPLR article 78 proceeding was dismissed by Supreme Court and this appeal ensued.
We affirm. Supreme Court did not apply an erroneous standard of review. We recently noted in a case involving similar facts and arguments that the standard of judicial review is set forth in CPLR 7803 (3) (see Matter of Smerecki v Keough, 101 AD3d 1338, 1339 n [2012]; see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). Consistent with such standard, Supreme Court indicated that respondent’s determination was within his discre *1211 tion and concluded that the determination was not arbitrary or capricious. The fact that the court further recited that there was not any illegality or fraud by respondent does not render its decision fatally flawed (see Matter of Smerecki v Keough, 101 AD3d at 1339).
Petitioner’s contention that the determination was irrational is unavailing. The property was not a place of abode, petitioner received appropriate notice of the in rem proceeding and he failed to take any steps to contact respondent regarding his property prior to it being transferred to the County. The determination not to permit a hardship sell-back under the circumstances did not constitute an abuse of discretion nor was it irrational (see id. at 1340).
Peters, P.J., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.