# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**260**
**CA 13-01657**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JEANNE M. JOHNSTONE,
FORMERLY KNOWN AS JEANNE M. CAMP,
INDIVIDUALLY AND AS EXECUTRIX OF THE
ESTATE OF WILLIAM F. JOHNSTONE, DECEASED,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

TREASURER OF WAYNE COUNTY, BOARD OF SUPERVISORS
OF WAYNE COUNTY, RESPONDENTS-APPELLANTS,
KENNY FELTON AND LATASHA FELTON, RESPONDENTS.

---

DANIEL C. CONNORS, COUNTY ATTORNEY, LYONS (ERIN M. HAMMOND OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

LELAND T. WILLIAMS, ROCHESTER, FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wayne County (Daniel
G. Barrett, A.J.), entered January 7, 2013 in a CPLR article 78
proceeding.  The judgment conditionally restored title to the subject
properties to petitioner.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum:  Respondents Treasurer of Wayne County (Treasurer)
and the Board of Supervisors of Wayne County (Board of Supervisors)
appeal from a judgment that, inter alia, converted petitioner's CPLR
article 78 proceeding to a declaratory judgment action and restored
title to two adjoining parcels of real property located in Wayne
County, New York (County) to petitioner and her late husband, William
F. Johnstone, upon certain conditions.  We note at the outset that we
disregard the error in the notice of appeal to the effect that "Wayne
County" is the appellant, and treat the appeal as taken by respondents
the Treasurer and the Board of Supervisors (*see Green v Associated
Med. Professionals of NY, PLLC*, 111 AD3d 1430, 1432; *see also Matter
of Tagliaferri v Weiler*, 1 NY3d 605, 606).  We further note that
Supreme Court erred in converting the CPLR article 78 proceeding to a
declaratory judgment action (*cf. Potter v Berlin* [appeal No. 2], 21
AD3d 1310, 1311, *lv denied* 6 NY3d 750).  We therefore treat this as a
CPLR article 78 proceeding for the purposes of this appeal (*see
generally* CPLR 103 [c]).

Prior to June 18, 2012, petitioner owned one parcel and her husband owned the second adjoining parcel. On October 10, 2008, following the death of her husband, petitioner was issued letters of administration for her husband's estate. Starting in 2010, petitioner failed to pay taxes on the parcels. In 2011, the Treasurer executed and filed a petition of tax foreclosure pursuant to Real Property Tax Law § 1123 for the delinquent parcels and an ensuing in rem tax foreclosure action was commenced. On April 25, 2012, the Treasurer had the subject parcels posted with a tax enforcement notification. Petitioner did not answer the petition, exercise the right to redeem the parcels, or otherwise appear in the foreclosure action. Judgment was entered and a deed was recorded on June 18, 2012 conveying title of both parcels to the County. On June 20, 2012, the properties were sold at tax auction. Respondents Kenny Felton and Latasha Felton were the successful bidders at the auction for the two parcels.

However, in an attempt to reacquire title to the parcels, on or about July 2, 2012, the attorney for the estate of petitioner's deceased husband submitted a purchase offer and certified check to the Board of Supervisors, and petitioner's sister submitted a letter to the Treasurer's office explaining the circumstances causing petitioner's tax delinquencies. We note that, at all times relevant herein, the County had not enacted any formal "release option" or "hardship sell back" process (*cf. Matter of Smerecki v Keough*, 101 AD3d 1338, 1339; *Staller v County of Suffolk*, 139 AD2d 726, 726, *lv denied* 73 NY2d 701). On July 17, 2012, the Board of Supervisors voted to accept all successful bids from the auction of June 20, 2012, including the bids for the subject parcels.

Petitioner commenced this CPLR article 78 proceeding in her individual and representative capacities seeking a judgment setting aside the tax foreclosure, determining that petitioner is the owner of the two parcels and setting aside the vote of the Board of Supervisors on the ground that it was arbitrary and capricious. Supreme Court determined, inter alia, that petitioner had adequate notice of the in rem tax foreclosure proceeding; the last date to pay delinquent taxes was June 15, 2012; and the vote of the Board of Supervisors was arbitrary and capricious. As noted, the court converted the proceeding to a declaratory judgment action pursuant to CPLR 103 (c), and the court restored title to the subject parcels to petitioner and her late husband upon condition that petitioner pay the delinquent taxes, interest and charges within 21 days of entry of judgment.

On appeal, respondents contend that the determination that petitioner's right to redeem each parcel did not extend beyond May 25, 2012 was neither made in violation of lawful procedure nor affected by an error of law (*see* CPLR 7803 [3]). We agree. The Treasurer's posting of the tax enforcement notification at petitioner's residence on April 25, 2012 extended the right of redemption until May 25, 2012 (*see* RPTL 1125 [1] [b] [iii]). Only a local law could extend the cut-off date for redemption (*see* RPTL 1111 [2]) and, thus, contrary to petitioner's contention, the published notice of the tax auction could not extend that date of redemption. Where a valid tax lien exists, and the taxing authority followed all proper procedures in foreclosing

the lien, the taxpayer's property interests are "lawfully extinguished as of the expiration of the[ ] right to redemption and the entry of the judgment of foreclosure" (*Matter of Orange County Commr. of Fin. [Helseth]*, 18 NY3d 634, 640; *see Smerecki*, 101 AD3d at 1339). Thus, all of petitioner's right, title and interest in the parcels, in her individual and representative capacities, was extinguished when the default judgment was entered in the tax foreclosure action on June 18, 2012 (*see* RPTL 1123 [8]).

We also agree with respondents that the court erred in concluding that the Board of Supervisors acted in an arbitrary and capricious manner in voting to accept all successful auction bids and in rejecting petitioner's purchase offer without articulating a factual basis therefor. When petitioner submitted her offer to repurchase, she had no right, title or interest in the parcels. "An offer to [repurchase] does not confer upon the offeror a constitutional right" (*Matter of Davis v City of Syracuse*, 158 AD2d 976, 977). In the absence of a duly enacted administrative "release option" or "hardship sell back" procedure, petitioner has no basis to assert that the Board of Supervisors acted without reference to any articulated standards in accepting an auction bid or rejecting an offer to repurchase. We note that the governing body of a tax district, such as the Board of Supervisors, is not required to approve by majority vote the sale of real property sold at auction to the highest bidder, which is the case here (*see* RPTL 1166 [2]). Moreover, the Board of Supervisors has retained complete discretion with respect to the sale of tax-delinquent parcels. No ordinance or state law places any limitation upon such discretion (*see* RPTL 1166 [1]). Absent a showing of fraud or illegality, its determination will not be disturbed (*see Witter v New York City Bd. of Estimate*, 156 AD2d 285, 286). Further, "[a] legislative body cannot be required to set general standards for areas in which it has discretion to act as long as it retains the authority to make individual decisions" (*Davis*, 158 AD2d at 977; *see also Cummings v Town Bd. of N. Castle*, 62 NY2d 833, 834). Thus, we conclude that the court erred in determining that the Board of Supervisors acted in an arbitrary and capricious manner because it uniformly accepted all auction bids and rejected all offers to repurchase without reference to any articulated standards or specific factual criteria. We therefore reverse the judgment that restored title to petitioner and her late husband and dismiss the petition.

Entered: June 20, 2014                              Frances E. Cafarell
                                                    Clerk of the Court