Matter of 3 Del. Group LLC v Broome County (2019 NY Slip Op 05745)





Matter of 3 Del. Group LLC v Broome County


2019 NY Slip Op 05745


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527840

[*1]In the Matter of 3 DELAWARE GROUP LLC et al., Appellants,
v
BROOME COUNTY et al., Respondents.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


Aswad & Ingraham, LLP, Binghamton (Mary E. Saitta of counsel), for appellants.
Robert G. Behnke, County Attorney, Binghamton, for respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Lebous, J.), entered June 18, 2018 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' request for a sell-back of certain real property.
The facts are more fully set forth in our decision on a related matter (3 Del. Group LLC v Broome County, 167 AD3d 1117 [2018]). As is relevant here, a tax foreclosure proceeding resulted in a judgment awarding respondent Broome County title to real property formerly owned by petitioner 3 Delaware Group LLC (hereinafter 3 Delaware). Pursuant to a 2016 resolution of the Broome County Legislature establishing the procedures for the sale of County-owned property, petitioner Shmyer Breuer, 3 Delaware's sole member, requested a sell-back to 3 Delaware. The request was denied, and petitioners appealed to the finance committee of the Broome County Legislature. The finance committee upheld the denial, prompting petitioners to commence this CPLR article 78 proceeding. Following joinder of issue, Supreme Court rendered a bench decision dismissing the petition. Petitioners appeal from the judgment entered thereon.
We affirm. Petitioners' challenges to the foreclosure judgment failed (see 3 Del. Group LLC v Broome County, 167 AD3d at 1118), and that judgment awarded the County title to, and extinguished 3 Delaware's interests in, the property (see Matter of Orange County Commr. of Fin. [Helseth], 18 NY3d 634, 640 [2012]; Matter of Smerecki v Keough, 101 AD3d 1338, 1339 [2012]). The County was accordingly free "to sell and convey the" property as it saw fit (RPTL 1166 [1]), and "had no legal obligation to sell the property back" to 3 Delaware (Matter of Smerecki v Keough, 101 AD3d at 1339; see Quick v County of Broome, 302 AD2d 788, 789 [2003]). Moreover, although the 2016 resolution permitted petitioners to request a discretionary sell-back, that courtesy "did not establish or extend a property right entitled to due process protection" (Matter of Orange County Commr. of Fin. [Helseth], 18 NY3d at 640; see Matter of Dwyer v Lindsay, 23 NY2d 562, 565 [1969]; Matter of Smerecki v Keough, 101 AD3d at 1339-1340). Petitioners therefore had no "legitimate claim of entitlement in a particular benefit" when [*2]they requested a sell-back and were not, contrary to their contention, entitled to procedural due process protections in the consideration of that request (Matter of Board of Educ. of Northport-E. Northport Union Free School Dist. v Ambach, 90 AD2d 227, 235 [1982] [internal quotation marks and citation omitted], affd 60 NY2d 758 [1983], cert denied 465 US 1101 [1984]; see Matter of Bezar v New York State Dept. of Social Servs., 151 AD2d 44, 49 [1989]).
The 2016 resolution directed that 3 Delaware be given "written notice of the right to appeal . . . to the [f]inance [c]ommittee" from the initial denial of the sell-back request so that it could take "[a] written appeal . . . within 30 days." The resolution imposes no procedural requirements on how the appeal is to be heard, instead granting the finance committee "sole discretion . . . to countermand, modify, rescind or change the procedures and directives contained in [the] resolution" and empowering it to make the "final" decision on whether to grant the requested sell-back. Petitioners submitted a written appeal to the finance committee that, among other things, detailed the steps that had been taken to improve conditions at the property. The finance committee heard the appeal at one of its meetings, where counsel for petitioners spoke and provided additional documentation in support of their claims. The property's condition was indisputably poor when it was owned by 3 Delaware, however, and the finance committee heard from officials who explained that the sell-back was initially denied because the property continued to have serious code violations that left many of its rental units unfit for habitation. As a result, we cannot say that the finance committee's "determination constituted an abuse of discretion or was irrational" (Matter of Smerecki v Keough, 101 AD3d at 1340; see CPLR 7803 [3]; Mater of Juman v Keough, 107 AD3d 1210, 1211 [2013]).
Lastly, inasmuch as petitioners are not entitled to the main relief they seek, the damages they request "are no longer incidental to a primary request for relief and are, therefore, not recoverable in this proceeding" (Matter of Adams v Carrion, 85 AD3d 1517, 1519 [2011], lv denied 17 NY3d 717 [2011]; see CPLR 7806; Matter of Schwab v Bowen, 41 NY2d 907, 908 [1977]; Matter of United Pioneer Corp. v Office of Gen. Servs. of State of N.Y., 155 AD2d 849, 850 [1989]).
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.