Matter of Liebel v City of Rochester (2019 NY Slip Op 06334)





Matter of Liebel v City of Rochester


2019 NY Slip Op 06334


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


706 CA 18-01405

[*1]IN THE MATTER OF JAMES LIEBEL, DOING BUSINESS AS FINGER LAKES WOODWORKS, PETITIONER-APPELLANT,
v
CITY OF ROCHESTER, RESPONDENT-RESPONDENT, AND EDWARD D'AMICO, RESPONDENT. 






KNAUF SHAW LLP, ROCHESTER (JONATHAN R. TANTILLO OF COUNSEL), FOR PETITIONER-APPELLANT. 
TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (PATRICK N. BEATH OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 7, 2018 in a CPLR article 78 proceeding. The judgment, inter alia, denied and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Following petitioner's failure to pay taxes on certain real property, respondent City of Rochester (City) obtained a judgment of foreclosure authorizing it to sell the property at public auction. Petitioner did not challenge the judgment of foreclosure, and the City sold the property at auction. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, among other things, to annul the sale of the property. Following a hearing, Supreme Court, inter alia, granted the City's motion for summary judgment and denied and dismissed the petition. Petitioner appeals, and we affirm.
Petitioner contends that alleged irregularities in the sale, including a one-hour weather delay and the brief posting of a cancellation notice, resulted in the presence of fewer potential bidders at the auction and a reduced sale price for the property, thereby depriving petitioner of his rights and also mandating cancellation of the sale. We reject that contention. Where, as here, "a valid tax lien exists, and the taxing authority followed all proper procedures in foreclosing the lien, the taxpayer's property interests are lawfully extinguished as of the expiration of the[ ] right to redemption and the entry of the judgment of foreclosure' " (Matter of Johnstone v Treasurer of Wayne County, 118 AD3d 1378, 1380 [4th Dept 2014]). Further, although the auction was delayed by one hour due to heavy snowfall during the overnight hours, 27 bidders attended the auction and 35 properties were sold, including petitioner's former property. The property sold for $70,000, a price that was significantly in excess of the tax arrears owed and not so low as to shock the conscience (see Long Is. Sav. Bank of Centereach v Jean Valiquette, M.D., P.C., 183 AD2d 877, 878 [2d Dept 1992]). Petitioner's contention that a higher bid could have been obtained for the property, which was classified as having a risk of environmental problems, is speculative (cf. Wayman v Zmyewski, 218 AD2d 843, 844 [3d Dept 1995]), and the "mere inadequacy of price" obtained at an auction "does not furnish sufficient grounds for vacating a sale" (Guardian Loan Co. v Early, 47 NY2d 515, 521 [1979]). We thus conclude that the court did not abuse its discretion in determining that the alleged irregularities in the sale did not render the sale of the property unjust (see generally id. at 520-521; Wayman, 218 AD2d at 844).
We have considered petitioner's remaining contentions and conclude that they lack merit.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court