Matter of Foreclosure of Tax Liens (2021 NY Slip Op 02681)





Matter of Foreclosure of Tax Liens


2021 NY Slip Op 02681


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


861 CA 19-02326

[*1]IN THE MATTER OF FORECLOSURE OF TAX LIENS BY PROCEEDING IN REM PURSUANT TO THE IN REM PROVISIONS OF THE ERIE COUNTY TAX ACT AND THE RESOLUTION OF THE ERIE COUNTY LEGISLATURE AS SHOWN BY RESOLUTION NO. 54 AT PAGE 179 OF THE MINUTES OF THE PROCEEDINGS OF SAID LEGISLATURE FOR THE YEAR 2019.  MELISSA NEAL, APPELLANT; FEDDER LOFTS, LLC, AND COUNTY OF ERIE, RESPONDENTS. 






JAMES I. MYERS, PLLC, WILLIAMSVILLE (JAMES I. MYERS OF COUNSEL), FOR APPELLANT.
HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), FOR RESPONDENT FEDDER LOFTS, LLC. 
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR RESPONDENT COUNTY OF ERIE. 


 Appeal from an order of the Erie County Court (Susan M. Eagan, J.), entered November 25, 2019. The order, inter alia, granted the motion of Fedder Lofts, LLC to vacate the sale of property to Melissa Neal. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: In this in rem tax foreclosure action pursuant to the Erie County Tax Act (ECTA), respondent County of Erie (County) obtained a judgment of foreclosure with respect to certain property owned by Black Rock Trade Center, Inc. (Black Rock) based on Black Rock's tax delinquency, and the County then sold the property to appellant at a public auction. Respondent Fedder Lofts, LLC (Fedder) thereafter moved by order to show cause seeking, inter alia, to vacate the sale of the property. Appellant now appeals from an order that granted the motion by, inter alia, rescinding her purchase of the property on equity grounds. We reverse.
As a threshold issue, we reject respondents' contention that this appeal is moot on the ground that the property was purportedly redeemed and transferred subsequent to the order on appeal, rendering unavailable the relief now sought by appellant. After County Court entered the order on appeal, the delinquent taxes were paid, the County issued a certificate of redemption to Black Rock, and Black Rock thereafter purportedly sold the property and transferred title to Fedder. Contrary to respondents' assertions, however, this is not a mortgage foreclosure action, where the "equity of redemption" permits property owners "to redeem their property by tendering the full sum" owed before a valid sale is effectuated (NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp., 13 NY3d 573, 579 [2009], cert denied 561 US 1006 [2010]). Here, instead, the right to pay the delinquent taxes by virtue of the equity of redemption was extinguished several months prior to Fedder's motion by order to show cause, according to the ECTA, the public notice of foreclosure, and the terms of the judgment of foreclosure (see ECTA §§ 11-10.0, 11-12.0; see also RPTL art 11; see generally Matter of Orange County Commr. of Fin. [Helseth], [*2]18 NY3d 634, 640 [2012]; Matter of Johnstone v Treasurer of Wayne County, 118 AD3d 1378, 1380 [4th Dept 2014]). Consequently, we conclude that the purported redemption, the issuance of the certificate of redemption, and the purported sale and transfer of title from Black Rock to Fedder are nullities, and that the appeal is therefore not moot.
We agree with appellant that Fedder did not have standing to seek equitable relief in this case. Pursuant to ECTA § 7-10.0, the court could not set aside the sale to appellant "except upon a proceeding brought therefor by the owner of such real property within three months from the date of such sale." Here, no such proceeding was brought. Instead, Fedder, a nonowner, filed a motion by order to show cause in this foreclosure action, and Black Rock, the owner, was not a party to the motion. In light of the " 'clear legislative intent' " of section 7-10.0 (Matter of District Attorney of Suffolk County, 58 NY2d 436, 442 [1983]; see Matter of Fritz v Huntington Hosp., 39 NY2d 339, 345-346 [1976]), Fedder did not have standing to seek rescission of the sale.
Morever, even assuming, arguendo that Fedder had standing to seek rescission of the sale, we conclude that the court abused its discretion in exercising its equitable power in this case (see generally Wayman v Zmyewski, 218 AD2d 843, 843-844 [3d Dept 1995]). As the Court of Appeals has noted, "equity will act only when no adequate remedy is available at law" (Breed v Barton, 54 NY2d 82, 87 [1981]). Here, inasmuch as the court failed to analyze the potential legal remedies offered by the parties, the court abused its discretion in invoking its equitable jurisdiction and rescinding the sale to appellant.
In light of our determination, appellant's remaining contentions are academic.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court